UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE CORNWELL, doing business as Sisterlocks,<br><br>         Plaintiff,<br><br> vs.<br><br>DEBRA BELTON, et al.,<br><br>         Defendant. | CASE NO. 04-CV-658 H (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

On April 14, 2005, the Court granted plaintiff Joanne Cornwell's motion to strike defendant Debra Belton's counterclaim for defamation pursuant to California's "anti-SLAPP" provisions, Cal. Code Civ. P. § 425.16. (Doc. No. 49.) Following a trial and cross-appeals, the Ninth Circuit on June 5, 2007 remanded the case for a calculation of appropriate attorney's fees relating to plaintiff's successful motion to strike. (See Doc. Nos. 127, 129.)

## **Background**

The Court originally set a hearing on plaintiff's motion for attorney's fees for October 22, 2007. (Doc. No. 128.) Due in part to the parties' conferences before the magistrate judge and their representations regarding a potential settlement, the Court continued the hearing on plaintiff's motion to November 26, 2007, and then to December 10, 2007. (Doc. Nos. 136, 143.) On December 10, 2007, neither party appeared and the Court scheduled a status conference for December 18, 2007. (Doc. Nos. 145, 147.)

1       At the status conference, the Court took plaintiff's motion for attorney's fees under
2  submission. (Doc. No. 148.) The Court informed the parties that if a settlement indeed had
3  been consummated a joint motion to dismiss should be filed by January 3, 2008. (Id.) The
4  parties have not filed a motion to dismiss. Accordingly, the Court will proceed to a
5  decision on plaintiff's motion for attorney's fees. The motion has been fully briefed by the
6  parties, see Doc. Nos. 123, 126, 135, and the Court continues to find this matter appropriate
7  for resolution without oral argument.

## Discussion

9       Plaintiff is entitled to recover reasonable attorney's fees incurred on her successful
10 motion to strike. Cal. Code Civ. P. § 425.16(c); see Dove Audio, Inc. v. Rosenfeld, Meyer
11 & Susman, 47 Cal. App. 4th 777, 785 (1996). Generally, a reasonable fee is determined by
12 reference to "the 'lodestar' figure, which is the number of hours reasonably expended
13 multiplied by a reasonable hourly rate." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th
14 Cir. 1992). A reasonable hourly rate "is that prevailing in the community for similar
15 work." PLCM Group v. Drexler, 22 Cal. 4th 1084, 1095 (2000).

16      Plaintiff requests attorney's fees in the amount of $15,450. Defendant contends that
17 several portions of plaintiff's request represent duplicative billing or do not relate to
18 plaintiff's anti-SLAPP motion. Plaintiff lodged a copy of an itemized statement of the
19 tasks performed by the attorneys and support staff of the law firm Garrison & McInnis,
20 LLP, in connection with plaintiff's anti-SLAPP motion. (Not. Lodg. ISO Plf's. Mot.
21 Atty's. Fees ("Lodgment"), Ex. A.) The itemized statement reflects 42.70 hours of work by
22 plaintiff's attorneys and their support staff, for a total amount of $14,147.50. (Lodgment
23 Ex. A at 6.) The hourly rate of Gregory M. Garrison, plaintiff's lead counsel and a partner
24 in the firm, was $400. (Decl. of Gregory M. Garrison ISO Plf's. Mot. Atty's. Fees ¶ 3.)
25 Amelia a. McDermott, appellate and law and motion counsel at Garrison & McInnis, LLP,
26 billed at her regular rate of $350 per hour. (Id. ¶ 5.) Associates at Garrison & McInnis,
27 LLP, who do not perform appellate work bill at the rate of $250 per hour, although the
28 itemization submitted by plaintiff does not reflect work by such associates. (See Garrison

Decl. ¶ 6.) Work performed by paralegals and law clerks was billed at $125 per hour. (Id. ¶ 7.)

The Court has carefully reviewed the itemized statement submitted by plaintiff's attorneys as well as the parties' briefs and concludes that $8,000 represents a reasonable amount of attorney's fees in connection with the district court litigation regarding plaintiff's anti-SLAPP motion. The Court notes that the Ninth Circuit already has awarded plaintiff attorney's fees of $3,800 for the anti-SLAPP portion of the parties' cross appeals.

## Conclusion

The Court awards $8,000 in attorney's fees to plaintiff Joanne Cornwell in connection with her successful anti-SLAPP motion to strike defendant's counterclaim. As this disposes of the only remaining issue in this case following the remand from the Ninth Circuit, the Court orders this case closed.

IT IS SO ORDERED.

DATED: January 7, 2008

                                       *Marilyn L. Huff*
                                       MARILYN L. HUFF, District Judge
                                       UNITED STATES DISTRICT COURT